In re Petition for DISCIPLINARY ACTION AGAINST Karen K. RENSHAW, a Minnesota Attorney, Registration No. 221983.

No. A05–941.

Supreme Court of Minnesota.

May 24, 2006.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Karen K. Renshaw committed professional misconduct warranting public discipline, namely, unintentional misappropriation of closing funds and failure to cooperate with the Director's investigation, in violation of Minn. R. Prof. Conduct 1.15(a), (c), and (h), 8.4(c) and 8.1(a)(3), as well as Rule 25, Rules on Lawyers Professional Responsibility (RLPR),[1] related to the erroneous deposit of funds to respondent's operating account by a bank in connection with a real estate closing conducted by respondent's title agency. Respondent fully and promptly repaid the funds in question when made aware of the bank's error.

Respondent admits her conduct violated the Minnesota Rules of Professional Conduct, waives her rights pursuant to Rule 14, RLPR, and has entered into a stipulation with the Director in which they jointly recommended that the appropriate discipline is a six-month suspension from practice, effective as of the date of this order. By order dated March 30, 2006, this court invited the parties to submit memoranda explaining why a suspension of six months, and not some shorter period, is appropriate discipline for the misconduct alleged in

---

1. Citations are to the Minnesota Rules of Professional Conduct as they read prior to the amendments that took effect October 1, 2005, and the Rules on Lawyers Professional Responsibility as they read prior to the amendments that took effect September 1, 2005.

this matter. The court has received and considered the parties' memoranda.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent Karen K. Renshaw is suspended from the practice of law for 90 days, effective 10 days from the date of this order, subject to the following conditions:

(a) Respondent shall comply with Rule 26, RLPR, requiring notice of her suspension to clients, opposing counsel, and tribunals.

(b) The reinstatement hearing provided for in Rule 18(a) through (e), RLPR, is hereby waived. Respondent may apply for reinstatement under Rule 18(f), RLPR.

(c) Upon respondent's reinstatement to active practice, respondent shall be subject to supervised probation for a period of two years. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide to the Director, with her application for reinstatement, the names of four attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall on the first day of each month provide the Director with an inventory of active client files described in paragraph (d) below. Respondent shall make active client files available to the Director upon request.

(d) Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

(e) Respondent shall successfully complete the professional responsibility portion of the state bar examination within one year of the date of this order, but not as a condition of reinstatement to active practice.

(f) Respondent shall maintain law office and trust account books and records in compliance with Minn. R. Prof. Conduct 1.15 and Lawyers Professional Responsibility Board Opinion No. 9. Such books and records shall be made available to the Director with respondent's application for reinstatement and thereafter as the Director deems necessary to determine respondent's compliance.

(g) Respondent shall pay $900 in costs pursuant to Rule 24(a), RLPR.

BY THE COURT:

/s/Helen M. Meyer

Associate Justice